UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
THOMAS BENNIGSON,

       Plaintiff,

  -v-

PETER R. HUNTSMAN,

       Defendant,

  and

HUNTSMAN CORPORATION,

       Nominal
       Defendant.
------------------------------------------------------------X

13 Civ. 452 (KBF)

OPINION & ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: SEP 2 4 2013

KATHERINE B. FORREST, District Judge:

  On January 18, 2013, Plaintiff Thomas Bennigson ("Plaintiff" or "Bennigson") filed his initial Complaint alleging violations of Section 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78p(b). This "starter Complaint" was truly bare bones – consisting of six pages alleging a short-swing profit transaction by Defendant Peter R. Huntsman. In this first attempt at stating a claim, Plaintiff, a stockholder of Nominal Defendant Huntsman Corporation ("Huntsman Corp."), alleges that on March 5, 2009, in his personal capacity, Defendant Peter R. Huntsman purchased shares of Huntsman Corp. stock, and on September 2 and 3, 2009, a trust of which he was a trustee engaged in sales of Huntsman Corp. stock. This, the Complaint alleges, was a "matching purchase and sale," sufficient to state

1

a claim pursuant to Section 16 of the Securities and Exchange Act. 15 U.S.C. 78p(b). Not so.

After Defendants moved to dismiss the initial Complaint, the Court allowed Plaintiff to file an Amended Complaint. Plaintiff filed an Amended Complaint on April 29, 2013. The Amended Complaint, however, does not improve on the story originally told, it simply adds words around two separate transactions that cannot, as a matter of law, constitute a matching purchase and sale.

Defendants have moved to dismiss the Amended Complaint. The Motion to Dismiss was fully briefed on July 22, 2013. For the reasons set forth below, that Motion is granted and this matter is dismissed. This is a Complaint that should never have been brought but, once brought, needs to meet as quick a demise as the Court's resources allow.

FACTUAL BACKGROUND

Peter R. Huntsman is the son of Jon M. Huntsman. (Amend. Compl. ¶ 6, ECF No. 19.) At all relevant times, Peter R. Huntsman was President and Chief Executive Officer of Huntsman Corp. ("Issuer") and a member of its board of directors. (Id. ¶ 5.) Peter R. Huntsman was also, at all relevant times, a trustee of HMP Equity Trust (the "Trust"). (Id. ¶ 8.) Jon M. Huntsman, Peter's father, was at all relevant times, the Executive Chairman of the Board of Huntsman Corp. (Id. ¶ 6.) Plaintiff Bennigson owns shares in Huntsman Corp. (Id. ¶ 3.)

2

In 2002, members of the Huntsman family established the Huntsman Family Holdings Company LLC ("Family Holdings LLC"). (Id. ¶ 7.) Members of the Huntsman family own units in Family Holdings LLC, which in turn, owns interests in the Huntsman Corp. (sometimes referred to as the "Company"). (Id.)

The Trust was formed in 2005. (See Decl. of Nathaniel E. Marmon in Support of Defendant Peter R. Huntsman's Mot. to Dismiss, "Marmon Decl.," Ex. D, ECF No. 24.) It was created to hold shares of the Company's stock owned by Family Holdings LLC, MattlinPatterson Global Opportunities Partners, L.P., MatlinPatterson Global Opportunities Partners B, L.P., and MatlinPatterson Global Opportunity Partners (Bermuda), L.P. (collectively, "the Beneficiaries.") (Id., Ex. D, §§ 3.1, 3.2.) The Trust was established to create a voting bloc of shares – it requires the Beneficiaries to vote their interests in the Company as a bloc on certain matters set forth in the Trust Agreement. (Id., Ex. D, § 2.7.)

As a voting trust, the Trust does not have the authority to sell the Issuer's common stock which may, from time to time, be deposited into the Trust by the Beneficiaries. (Id. § 2.8(a)(v).) To sell the Issuer's common stock, the shares must first be withdrawn from the Trust by a Beneficiary. (Id. § 5.2(c).) The Trust Agreement sets forth the procedures for a Beneficiary to withdraw shares for sale:

> [I]f the holders of Class A Interests or Class B Trust
> Interests notify the Administrative Trustee that they
> have entered into a binding agreement to sell (including
> an agreement with a broker or dealer with respect to a
> market transaction) or otherwise transfer a specified
> number of shares of Common Stock held for their benefit
> to (i) a Person that is either a charitable organization or
> (ii) a Person that is not an Affiliate of such Holders

3

> (provided that after the second anniversary of the IPO (and subject to any applicable lock-up restrictions) MatlinPatterson shall be entitled to make a pro rata distribution of shares of [the Issuer's common stock] to its partners) which sale or transfer shall be consummated within five Business Days . . . and which sale or transfer will be made in accordance with all applicable securities laws, then such Holders shall be entitled to have such shares delivered to such Holders . . . .

(Id. § 5.2(c).)

Notably, the Trust Agreement does not authorize any direct sale of shares by the Trust itself. Instead, any sales can only follow the distribution of shares. In addition, Section 5.2(c) does not require a trustee of the Trust to take any particular action in order to effect a delivery of the shares to a Beneficiary. (Id.) Rather, the language of Section 5.2(c) is mandatory and non-discretionary: it provides that the Beneficiaries (or Holders) "shall be entitled to have such shares delivered to such Holders." (Id.)

Family Holdings LLC is a Beneficiary of the Trust. (Amend. Compl. ¶ 9.) Jon M. Huntsman and Peter R. Huntsman own units in Family Holdings LLC. (Id.) Jon M. Huntsman owns a controlling interest in Family Holdings LLC. (Id. ¶ 20(e).) Both Jon M. Huntsman and Peter R. Huntsman served on the LLC's Board of Managers. (Id.) Pursuant to the terms of the Family Holdings LLC Operating Agreement, "Permitted Sales" are defined as:

> Notwithstanding any other provision of this Agreement to the contrary, a Member may effect any of the following Sales or Pledges of any such Member's Common Units: (a) Any Sale or Pledge of any Common Units to another Member; (b) any Sale or Pledge of any Common Units to the Company; or (c) any Sale or Pledge of Common Units

4

>   pursuant to a Sale or Pledge which shall have been
>   approved by Members holding more than 50% of the
>   aggregate Common Units of all Members.

(Marmon Decl., Ex. B, § 10.2.)

The Operating Agreement further provides: "No change or substitution of trustee or distribution from a trust to the beneficiaries thereof shall be deemed to be a Sale for purposes of this Agreement." (Id.)

The Fifth Amendment to Operating Agreement of Huntsman Family Holdings Co., LLC provides Jon M. Huntsman with "Special Distribution Rights:"

>   ### Special Distribution Rights
>
>   (a) Notwithstanding anything to the contrary in this Operating Agreement, Mr. Huntsman, upon reasonable written notice to the Company (the "Distribution Notice"), shall have the following rights ('Special Distribution Rights"):
>
>   (1) From time to time to require the Company to take all of the actions which are necessary to cause the HMP Equity Trust to transfer to the Company the number of shares of common stock of Huntsman Corporation specified in the Distribution Notice (the "Transferred Shares"); and
>
>   (2) From time to time to require the Company to distribute to Mr. Huntsman or his designee either (i) the Transferred Shares or (ii) all proceeds from the sale by the Company of the Transferred Shares. . . .

(Marmon Decl., Ex. C, § 2 (adding a new provision, Section 7.5, to the Operating Agreement).)

On or about September 2, 2009, in response to a request for a distribution of shares by Family Holdings LLC, the Trust distributed 663,000 shares of Huntsman

Corp. common stock to the Family Holdings LLC. (Amend. Compl. ¶¶ 16, 18.) On or about September 3, 2009, Family Holdings LLC made another request for a distribution of shares and such shares were duly distributed to it by the Trust. (Id. ¶¶ 17, 18.) The shares distributed by the Trust to the Family Holdings LLC were sold by Family Holdings LLC on the open market for prices ranging from $7.78 to $7.86. (Id. ¶¶ 16, 17.) The beneficiary of these sales was Jon M. Huntsman; he received the proceeds. (Id. ¶ 21.)

The Amended Complaint alleges that the sales of stock occurred after "some consultation" between Jon M. Huntsman and Peter R. Huntsman. (Id. ¶ 20.) The Amended Complaint bases this allegation on the combined assertions that the Family Holdings LLC did not have the power unilaterally to sell the stock held by the Trust – to obtain the shares the LLC had to first make a request for a distribution of shares to the Trust of which Peter R. Huntsman was a Trustee; the Trust Agreement provides for certain instances in which requests for distributions may not be fulfilled – and therefore must implicitly contemplate some action by the Trustee in denying a request (for instance, if a request is made during the lock-up period); and in SEC filings on September 22, 24, and October 1, 2009, Peter R. Huntsman stated that he "may share dispositive power" over at least a portion of the shares of the stock held by the Trust (id. ¶ 20); and that Jon and Peter Huntsman both serve on the Board of Managers of the Family Holdings LLC provides them with opportunity to consult and coordinate timing and disposition of shares from the Trust (id.).

On or about March 5, 2009, Peter R. Huntsman purchased 100,000 shares of the Issuer's common stock at a price per share equal to $2.3697. (Id. ¶ 24.)

The Amended Complaint alleges that Peter R. Huntsman had a direct or indirect pecuniary interest in all of the shares of the Company's stock sold on September 2 and 3, 2009; and that within six months of those sales, he purchased shares of the same Company at a lower price. (Id. ¶¶ 29, 30.) According to the Amended Complaint, using the "lowest in, highest out" method for determining profit pursuant to Section 16(b) of the Securities Exchange Act, Peter R. Huntsman realized a profit of $549,030.00. (Id. ¶ 31.)

## STANDARD OF REVIEW

### I. Rule 12(b)(6)

To survive a Rule 12(b)(6) motion to dismiss, "the plaintiff must provide the grounds upon which [its] claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) (quoting Bell Alt. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). In other words, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." Starr v. Sony BMG Music Entm't, 592 F.3d 314, 321 (2d Cir. 2010) (quoting Twombly, 550 U.S. at 570); see also Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (same). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. In applying that standard, the court accepts as true all well-plead factual allegations, but does not credit "mere conclusory statements" or "threadbare recitals of the elements of a cause of action." Id. If the court can infer no more than "the mere possibility of misconduct" from the factual averments, dismissal is appropriate. Starr, 592 F.3d at 321 (quoting Iqbal, 556 U.S. at 679).

On a motion to dismiss, a court may properly consider documents attached to or referenced in a complaint. See Time Warner, Inc. v. Chambers, 282 F.3d 147, 153 (2d Cir. 2002) (explaining that "'where plaintiff has actual notice of all the information in the movant's papers and has relied upon these documents in framing the complaint[,] the necessity of translating a Rule 12(b)(6) motion into under Rule 56 is largely dissipated'" (quoting Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991))); DiFolco v. MSNBC Cable LLC, 622 F.3d 104, 111 (2d Cir. 2010). The Trust Agreement, Operating Agreement, and Fifth Amendment are referenced in and integral to the Amended Complaint.

II. Section 16(b)

Section 16(b) of the Securities Exchange Act prohibits officers, directors, and holders of more than 10% of a listed stock from profiting from a purchase and sale of such stock within the same six month period. 15 U.S.C. § 78p(b); Kern Cnty. Land Co. v. Occidental Petroleum Corp., 411 U.S. 582, 583, 93 S.Ct. 1736, 36 L.Ed.2d 503 (1973). The statute was enacted to prevent the unfair use of inside information, Kern, 411 U.S. at 591; Huppe v. WPCS Int'l Inc., 670 F.3d 214, 217-18 (2d Cir.

2012), and thus, is a strict liability statute, Huppe, 670 F.3d at 215. Section 16(b) is generally referred to as prohibiting "short swing" transactions.

To state a claim under Section 16(b), a plaintiff must allege (1) a purchase of a security, (2) a matching or corresponding sale, (3) by an officer or director of the issuer or by a shareholder who owns more than ten percent of any one class of the issuer's securities, (4) within a six-month period. Gwozdzinsky v. Zell/Chilmark Fund, L.P., 156 F.3d 305, 308 (2d Cir. 1998). Section 16(b) should be interpreted within narrowly drawn limits. Levy v. Southbrook, Int'l Invs., Ltd., 263 F.3d 10, 16 (2d Cir. 2001). Because Section 16(b) provides for strict liability, the Supreme Court has expressed a reluctance to exceed a literal, mechanical application of the statute. Gollust v. Mendell, 501 U.S. 115, 122, 111 S.Ct. 2173, 115 L.Ed.2d 109 (1991).

## ANALYSIS

There is no matching purchase and sale alleged in the Amended Complaint. It is simply wrong as a matter of fact and law to rely on a transfer of shares by a Trust of which Peter R. Huntsman is simply a trustee, to an independent LLC (Family Holdings LLC), which then sells the shares for the benefit of yet another individual, Jon M. Huntsman, to constitute a "sale" by Peter R. Huntsman for purposes of Section 16(b). The reasons should be obvious: Peter R. Huntsman was a trustee of a Trust that transferred the shares at issue – neither Peter R. Huntsman nor the Trust "sold" anything. In addition, even were the transfer

9

somehow deemed a "sale," there is no plausible factual basis to assert that the "sale" was by Peter R. Huntsman. At most, he was a trustee with no discretion to authorize the sale in the instance alleged (the facts as alleged in the Amended Complaint are not of the sort which required particular action by the trustee).

Thus, the fact that Peter R. Huntsman may have himself purchased shares within six months of the Family Holding LLC (or Jon M. Huntsman's) sale is irrelevant.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss is GRANTED. The dismissal is with prejudice: the Complaint has already been amended once in an effort to plead a matching purchase and sale; and based on the facts alleged, additional detail will not save this Complaint.

The Clerk of the Court shall terminate the motions at ECF Nos. 22 and 25, and to terminate this action.

SO ORDERED.

Dated:    New York, New York
          September 24 2013

_____
KATHERINE B. FORREST
United States District Judge

10